UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| 340B HOLDINGS, LLC § <br> d/b/a SUNRX § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> MATTHEW BOBO § <br> in his individual capacity and § <br> PERFORMANCE HEALTHCARE § <br> SOLUTIONS, LLC § <br> § <br> Defendants. § | No.  1:20-CV-197-RP |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff 340B Holdings, LLC d/b/a SUNRx ("SUNRx") hereby moves for an order permitting SUNRx to conduct expedited, limited discovery from Defendants Matthew Bobo, in his individual capacity ("Bobo"), and Performance Healthcare Solutions, LLC ("Performance Healthcare") (together, "Defendants").

**INTRODUCTION**

SUNRx operates in a highly specialized, extremely competitive field managing discount drug programs pursuant to Section 340B of the Public Health Services Act. Dkt. 1, ¶¶ 6-7. As a Sales Director for SUNRx Bobo's duties regularly required him to access SUNRx's confidential client information. Accordingly, Bobo was required to execute and was subject to SUNRx's Employee Confidentiality Agreement and Non-Interference Agreement (the "Employment Agreement"). *Id.*, ¶¶ 8-10; 24-25. The Employment Agreement contained non-compete and non-solicit restrictive covenants prohibiting Bobo from working for any company or entity engaged in any aspect of the Pharmacy Benefit Management business during his employment and for one year

1

following his departure.  *Id.*, ¶¶ 11-12.  Bobo abruptly resigned from his position with SUNRx in April 2019.  *Id.*, ¶ 14.

As set forth in detail in the application for preliminary injunction (Dkt. 6 at 2-5), SUNRx has recently learned that Bobo willfully breached his obligations under the Employment Agreement.  Specifically, a SUNRx client revealed that Bobo and his new employer—Performance Healthcare—have solicited that customer's business and that Bobo is performing other services for Performance Healthcare that are a violation of the non-compete provision of his Employment Agreement.  SUNRx has additionally learned through its own investigation that Bobo forwarded confidential, competitive information to his personal email account before his departure and is reasonably and justifiably concerned that he may continue to use this confidential information to compete with and undermine SUNRx in the marketplace.

Accordingly, SUNRx seeks expedited discovery to ascertain the scope and extent of Defendant Bobo's misappropriation of confidential information, interference with SUNRx customer relationships, and competition in violation of his Employment Agreement and any use of such information by Performance Healthcare.  The requested expedited discovery is necessary so that SUNRx can attempt to maintain its good will in the highly specialized, extremely competitive field of Section 340B program administration and avoid further damage for which damages may be challenging or expensive to calculate.  The pendency of SUNRx's request for injunctive relief and immediate need to prevent further misappropriation further supports the entry of an order expediting discovery.

## ARGUMENT

Courts evaluate motions for expedited discovery under a good cause or reasonableness standard.  *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. 5:06-cv-00802-XR, 2006 WL

8435983, at *1 (W.D. Tex. Oct. 10, 2006) ("This Court concurs with those courts that have adopted a good cause/reasonableness standard for motions for expedited discovery when the movant anticipates a later preliminary injunction determination."). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (internal citations omitted). Here, all factors are satisfied and good cause exists for an order granting expedited discovery.

First, SUNRx has filed an application for preliminary injunction and requested that motion be set for hearing within the next few weeks. Dkt. 6.

Second, the expedited discovery that SUNRx seeks is limited in scope. SUNRx is requesting documents and information related to three narrow topics: (1) the circumstances of Defendants' solicitation of SUNRx's customers and competition with SUNRx; (2) the circumstances of Bobo's resignation from SUNRx and subsequent employment by Performance Healthcare; and (3) the scope of the Defendants' access and use of SUNRx's confidential and proprietary information. Specifically, the categories of documents and information that SUNRx seeks to discover through expedited discovery are:

    i.    All documents in Defendant Bobo's possession, custody, or control concerning any of SUNRx's current or former customers, including, but not limited to, State Association Partners[1] and their member hospitals and providers;

    ii.   All documents in Defendant Performance Healthcare's possession, custody or

---

[1] SUNRx is affiliated with State Hospital Associations for Alabama, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Iowa, Idaho, Indiana, Kansas, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New Mexico, Ohio, Pennsylvania, South Carolina, South Dakota, Texas, Washington, West Virginia, and Wyoming. SUNRx provides preferred 340B administration services to these State Association Partners' member hospitals and providers, which represent an overwhelming majority of SUNRx's core 340B business.

      control received from Bobo concerning any of SUNRx's current or former customers, including but not limited to, State Association Partners and their member hospitals and providers;

  iii.  All communications between Defendants and any of SUNRx's customers, including, but not limited to, State Association Partners and their member hospitals and providers;

  iv.  All communications between Bobo and Performance Healthcare concerning SUNRx and/or any of its customers from May 1, 2018, to the present date;

  v.  All documents relating to the terms and conditions of Bobo's employment with Performance Healthcare, including, but not limited to, offer letters and contracts;

  vi.  All documents in Defendant Bobo's possession, custody or control created, originated, authored or developed by SUNRx or its agents; and

  vii.  Documents sufficient to identify all services offered by Performance Healthcare, including, but not limited to, services relating to Section 340B of the Public Health Services Act.

Additionally, SUNRx requests that Defendant Performance Healthcare answer the following interrogatories:

  i.  Identify all former SUNRx employees currently employed by Performance Healthcare, including each such employee's current job title and start date;

  ii.  Identify all Performance Healthcare customers that currently utilize or have utilized the services of SUNRx and the date each such customer became a Performance Healthcare customer; and

  iii.  Identify all State Association Partners, including member hospitals and providers, which Performance Healthcare has solicited, approached or contacted to discuss services.

This Court has held similar discovery requests were sufficiently narrow and that expedited discovery of these narrow topics was warranted prior to a hearing on a motion for a preliminary injunction. *Intel Corp. v. Rais*, 1:19-cv-20-RP, 2019 WL 164958, at *8 (W.D. Tex. Jan. 10, 2019).

<u>Third</u>, SUNRx needs this expedited discovery to determine the extent of Defendants' efforts to improperly solicit SUNRx's customers and Bobo's attempt to compete with SUNRx. Without expedited discovery to reveal the extent of Defendants' wrongful conduct and identify

4

which SUNRx customers Defendants are currently targeting, it will be difficult for SUNRx to properly craft the relief necessary to maintain the status quo at a hearing on SUNRx's application for preliminary injunction.  For this reason, courts routinely hold that expedited discovery is warranted in cases where a preliminary injunction is sought, particularly when defendants are former employees of plaintiff and are accused of improperly soliciting plaintiff's customers.  *See, e.g.*, *Allstate Ins. Co. v. Hineman*, No. H-17-1794, 2017 U.S. Dist. LEXIS 113071, at *3 (S.D. Tex. 2017) (granting expedited discovery for requests that were "narrowly tailored to determine the existence and character of [Plaintiff's] customers"); *Legacy of Life, Inc.*, 2006 WL 8435983, at *3 (granting motion for expedited discovery when it was for the legitimate purpose of preparing for a hearing on its application for preliminary injunction); *Intel Corp.*, 2019 WL 164958, at *7 (granting motion for expedited discovery and permitting plaintiff to serve expedited discovery requests regarding defendants' new employment).

Fourth, the burden of complying with SUNRx's seven requests for production and answering three limited interrogatories is minimal.  *See, e.g.*, *Intel Corp.*, 2019 WL 164958, at *7 ("The requests for production and interrogatories total seven relatively narrow questions that [responding party] could answer with minimal burden.").  The requests are limited in scope and seek information which should be easily accessible to Defendants.

Fifth, although SUNRx is seeking discovery in advance of the typical discovery process, as noted above, courts have generally allowed expedited discovery in cases where the requested discovery is necessary for an adjudication of an application for preliminary injunction.  SUNRx is only seeking limited expedited discovery that will assist in crafting an appropriate and effective remedy at the preliminary injunction hearing.  SUNRx plans to seek the remainder of discovery under the typical discovery process.

**PRAYER FOR RELIEF**

SUNRx has established the need for expedited discovery and respectfully requests that this Court grant this Motion for Expedited Discovery and order Defendants to provide the ordered discovery within five (5) days.

Respectfully Submitted,

/s/ *Katherine P. Chiarello*
Katherine P. Chiarello
Texas State Bar No. 24006994
katherine@wittliffcutter.com
Karen S. Vladeck
Texas State Bar No. 24102899
karen@wittliffcutter.com
Kayna Stavast Levy
Texas State Bar No. 24079388
kayna@wittliffcutter.com

WITTLIFF | CUTTER, PLLC
1209 Nueces Street
Austin, Texas 78701
(512) 960.4524 office
(512) 960.4869 facsimile

*Attorneys for Plaintiff*
*340B Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2020, a true and correct copy of the foregoing document was tendered for filing to the Clerk of the U.S. District Court for the Western District of Texas using the Court's CM/ECF system and transmitted by email and first-class mail to Marc Katz, DLA Piper LLP (US), 1900 Pearl Street, Suite 2200, Dallas, Texas 75201 and marc.katz@dlapiper.com.

/s/ *Katherine P. Chiarello*
Katherine P. Chiarello
