UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| 340B HOLDINGS, LLC <br> d/b/a SUNRX <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW BOBO <br> in his individual capacity and <br> PERFORMANCE HEALTHCARE <br> SOLUTIONS, LLC <br><br> Defendants. | § § § § § § § § § § § § § § No. 1:20-CV-197-RP |

**PLAINTIFF'S SECOND MOTION FOR EXPEDITED DISCOVERY**

On March 6, 2020, Plaintiff 340B Holdings, LLC d/b/a SUNRx ("SUNRx") filed its Motion for Expedited Discovery, Dkt. #10, seeking an order permitting SUNRx to conduct limited, expedited discovery from Defendants Matthew Bobo (in his individual capacity, "Bobo") and Performance Healthcare Solutions ("Performance Healthcare"). Based on information gathered since the filing of that Motion, and in advance of any hearing the Court may schedule on Plaintiff's Motion for Preliminary Injunction (Dkt. #6), SUNRx files its Second Motion for Expedited Discovery and asks the Court to allow SUNRx to (i) conduct a time-limited deposition of Defendant Matthew Bobo (*see* Notice of Deposition attached as Exhibit A), (ii) depose a corporate representative from Defendant Performance Healthcare on three narrow topics (*see* Notice of Deposition attached as Exhibit B), and (iii) allow SUNRx to issue a third-party subpoena directed at Maxor National Pharmacy Services, LLC (attached to this Motion as Exhibit C).

1

## **INTRODUCTION**

As set forth in detail in the Complaint and Motion for Expedited Discovery, SUNRx operates in a highly specialized, extremely competitive field managing discount drug programs pursuant to Section 340B of the Public Health Services Act. Dkt. #1, ¶¶ 6-7; Dkt. #10 at 1.  Because Bobo's duties regularly required him to access SUNRx's confidential information, he was required to execute and be subject to SUNRx's Employee Confidentiality Agreement and Non-Interference Agreement (the "Employment Agreement").  *Id.*, ¶¶ 8-10; 24-25.  The Employment Agreement contained non-compete and non-solicit restrictive covenants prohibiting Bobo from working for any company or entity engaged in any aspect of *the* Pharmacy Benefit Management business during his employment and for one year following his departure.  *Id.*, ¶¶ 11-12.  Bobo abruptly resigned SUNRx in April 2019.  *Id.*, ¶ 14.  Just months after his departure, SUNRx learned from a client that Bobo and his new employer—Performance Healthcare—had solicited that customer's business in violation of the non-compete provision of his Employment Agreement.  SUNRx has since then additionally learned that Bobo forwarded confidential, competitive information to his personal email account before his departure and is reasonably concerned that he may continue to use this confidential information to compete with and undermine SUNRx in the marketplace.

Since the filing of its Motion for Expedited Discovery on March 6, 2020, SUNRx has gathered additional information suggesting Performance Healthcare may be offering its Section 340(B) services in conjunction with Maxor National Pharmacy Services, LLC ("Maxor").[1] SUNRx files this motion seeking discovery that will enable it to (i) uncover the relationship between Defendant Performance Healthcare and third-party Maxor and (ii) understand the suite of

---

[1] Plaintiff has attempted to obtain this information informally from Defendants. Those efforts, however, have proved insufficient. To date, Defendants' counsel has merely represented that Performance Healthcare is wholly owned by Tim Liebmann.  The extent of the corporate relationship has not been disclosed.

2

340(B) services offered by Performance Healthcare—which Defendants' counsel in informal conversations has represented do not overlap with those of SUNRx. The requested information will assist Defendants in ascertaining the scope of Defendants' wrongful conduct. Because the parties were unable to agree to a discovery plan without Court intervention, SUNRx is filing this motion seeking expedited relief and asks that the Court allow for the requested discovery prior to a hearing on its motion for Preliminary Injunction.[2]

## ARGUMENT

Courts evaluate motions for expedited discovery under a good cause or reasonableness standard. *Legacy of Life, Inc. v. Am. Donor Servs., Inc.*, No. 5:06-cv-00802-XR, 2006 WL 8435983, at *1 (W.D. Tex. Oct. 10, 2006) ("This Court concurs with those courts that have adopted a good cause/reasonableness standard for motions for expedited discovery when the movant anticipates a later preliminary injunction determination."). "Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (internal citations omitted). Here, as argued in SUNRx's first Motion for Expedited Discovery, all factors are satisfied and good cause exists for an order granting additional expedited discovery.

First, SUNRx's Motion for Preliminary Injunction is pending and a briefing schedule for the Motion, among other matters, is to be discussed with the Court via telephonic conference on

---

[2] While Defendants appear to recognize the importance of completing discovery prior to a hearing on the preliminary injunction, they are unwilling to share any information without a commitment from Plaintiff that it will agree to (a) effectively stay the matter for two weeks *and* (ii) participate in a mediation. Defendants have not articulated any specific objection to the requested discovery and have thus far only voiced concerned about incurring expenses associated with discovery.

3

Monday, March 16, 2020. *See* Dkt. #6; #14.

Second, the additional expedited discovery that SUNRx seeks is limited in scope. SUNRx is requesting (1) a four-hour deposition of Matthew Bobo; (2) a deposition of Performance Healthcare's corporate representative, which is to be limited to the three topics; and (3) leave to issue a narrow third-party subpoena to Maxor National Pharmacy Services, LLC.[3]

Third, SUNRx needs this additional expedited discovery to prepare for the hearing. Without expedited discovery to reveal the extent of Defendants' wrongful conduct and identify which SUNRx customers Defendants are currently targeting, it will be difficult for SUNRx to properly craft the relief necessary to maintain the status quo. *See, e.g.*, *Allstate Ins. Co. v. Hineman*, No. H-17-1794, 2017 U.S. Dist. LEXIS 113071, at *3 (S.D. Tex. 2017) (granting expedited discovery for requests that were "narrowly tailored to determine the existence and character of [Plaintiff's] customers"); *Legacy of Life, Inc.*, 2006 WL 8435983, at *3 (granting motion for expedited discovery when it was for the legitimate purpose of preparing for a hearing on its application for preliminary injunction); *Intel Corp.*, 2019 WL 164958, at *7-8 (granting motion for expedited discovery and permitting plaintiff to serve expedited discovery requests regarding defendants' new employment and a five-hour deposition of defendant).

Fourth, the burden here is minimal and is likely to advance the resolution of this matter. Bobo's deposition will be limited to four hours. *See, e.g.*, *Intel Corp.*, 2019 WL 164958, at *8 (allowing a five-hour deposition of the defendant, that did not preclude the plaintiff from deposing the defendant again in the typical discovery period, in advance of a preliminary injunction hearing).

---

[3] Defendants' Status Report of March 13, 2020 offers no substantive objection to Plaintiff's request for discovery, but merely asks the Court to provide reciprocal discovery rights to Defendants in advance of any hearing on the Motion for Preliminary Injunction. Defendant should not be granted discovery without making a showing for why their request for discovery meet the good cause and reasonableness standard as Plaintiff has done.

Similarly, the deposition of the corporate representative for Performance Health will be both limited in scope and time. And the Rule 45 subpoena to Maxor is limited to four requests for production all limited in scope and time.

<u>Fifth</u>, courts have generally allowed expedited discovery in cases where, as this one, the requested discovery is likely to assist in the adjudication of a motion for preliminary injunction.

## PRAYER FOR RELIEF

SUNRx has established the need for expedited and respectfully requests that this Court grant this Second Motion for Expedited Discovery.

    Respectfully Submitted,

    /s/ *Katherine P. Chiarello*
    Katherine P. Chiarello
    Texas State Bar No. 24006994
    katherine@wittliffcutter.com
    Karen S. Vladeck
    Texas State Bar No. 24102899
    karen@wittliffcutter.com
    Kayna Stavast Levy
    Texas State Bar No. 24079388
    kayna@wittliffcutter.com

    WITTLIFF | CUTTER, PLLC
    1209 Nueces Street
    Austin, Texas 78701
    (512) 960.4524 office
    (512) 960.4869 facsimile

    ***Attorneys for Plaintiff***
    ***340B Holdings, LLC***

## **CERTIFICATE OF CONFERENCE**

I hereby certify that the parties conferred on the matters disputed in this Motion including by emails of March 10-12, 2020 and by telephone on March 11, 2020. The parties were unable to reach any resolution on the matters described herein and counsel for Defendants indicated he opposes this Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2020, a true and correct copy of the foregoing document was tendered for filing to the Clerk of the U.S. District Court for the Western District of Texas using the Court's CM/ECF system and transmitted by email and first-class mail to Steven Fox, Sheppard Mullin, 2200 Ross Avenue, 24th Floor, Dallas, TX 75201 and SFox@sheppardmullin.com.

/s/ *Katherine P. Chiarello*
Katherine P. Chiarello